**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

JOHN CSOKA & JUDITH CSOKA

     Plaintiffs

v.

BANK OF AMERICA, N.A.
<u>Serve</u>: Branch Manager
11190 Main Street
Fairfax VA 22030

JOHN DOE

     Defendants

Civil No. 1:15-cv-876 GBL/IDD

JURY DEMANDED



## COMPLAINT

Plaintiffs John and Judith Csoka, by counsel, hereby submit the instant Complaint against the named Defendants. Upon information and belief, Plaintiffs state as follows.

### THE PARTIES

1. Plaintiffs are natural persons and residents of Virginia.

2. Defendant Bank of America, N.A. ("BOA") is a for-profit business entity registered as a national banking association.

3. Defendant John Doe is an unknown individual or entity that is or claims to be the current investor and/or owner of the subject loan within the meaning of 15 U.S.C. § 1641(f).

1

## JURISDICTION

4.     This Court has original jurisdiction under 28 U.S.C. § 1331.  Supplemental jurisdiction lies pursuant to 28 U.S.C. § 1367.

## FACTS

5.     Plaintiffs John and Judith Csoka are owners and title holders of the property located at and commonly known by the following address: 9627 Clover Hill Road, Manassas, VA 20110 ("Property").

6.     On or about February 23, 2009, the Csokas entered into a consumer loan refinance transaction with Countrywide Bank, FSB.

7.     As part of the transaction, the Csokas gave to the lender a security interest in their principal residence, the Property.

8.     As part of the transaction, the Csokas received a notice that they had the right to cancel said transaction under federal law and without cost to them.

9.     At some point after February 23, 2009, BOA became a servicer of the February 23, 2009 refinance loan.

10.     At some point after the origination of the subject loan on February 23, 2009, John Doe became the original lender's successor in interest with respect to the ownership of the subject loan.

11.     As the U.S. Supreme Court has recently reaffirmed, federal law known as the Truth in Lending Act ("TILA") "gives borrowers the right to rescind certain loans for

up to three years after the transaction is consummated," and "a borrower need only provide written notice to a lender in order to exercise his right to rescind."

12. Indeed, TILA states that "the obligor shall have the right to rescind the transaction . . . by notifying the creditor . . . of his intention to do so."

13. The corresponding federal regulation implementing that law likewise states that to "exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed . . . ."

14. On or about June 30, 2011, the Csokas exercised their right to cancel the loan under the federal law by sending to BOA a written notice rescinding the subject loan.

15. On September 16, 2011, BOA acknowledged receipt of said notice of rescission. **Exhibit A.**

16. In accordance with the plain language of the applicable federal statute and regulation, the security interest in the subject property became void upon the Csokas' timely exercise of their statutory right of rescission, i.e., upon the Csokas' mailing of their notice of rescission to BOA on or about June 30, 2011.

17. Upon receipt of said notice of rescission BOA (along with John Doe) became obligated, "[w]ithin 20 days after receipt of a notice of rescission", to "return to the obligor any money or property given . . . and [to] take any action necessary or appropriate to reflect the termination of any security interest created under the transaction."

3

18.     The BOA failed to discharge their statutory obligations arising out of the Csokas' timely rescission of the loan.

19.     Notwithstanding the plain language of the TILA statute and its implementing regulation, the Csokas did not have a means to enforce their rescission of the loan by resorting to litigation, as the Courts within this circuit had held that something more than mailing a notice of rescission was required of a borrower to effect rescission.

20.     On January 13, 2015, the U.S. Supreme Court held that "a borrower need only provide written notice to a lender in order to exercise his right to rescind", so that "rescission is effected when the borrower notifies the creditor" and "so long as the borrower notifies within three years after the transaction is consummated, his rescission is timely."

21.     After January 13, 2015, in light of the Supreme Court's clear admonition that TILA, plain and simple, means what it says and must be enforced as written, the Csokas now bring the instant action to enforce their timely rescission of the loan.

22.     Any limitations period that might be applicable to the Csokas' causes of action arising out of Defendants' failure to discharge their statutory obligations upon the Csokas' timely exercise of their rescission right was therefore equitably tolled from June 30, 2011 till January 13, 2015.

23.     At the time of rescinding the subject loan in 2011, the Csokas had prequalified for another loan that would have been obtained in place of the rescinded loan upon Defendants' performance of their statutory post-rescission obligations.

24.     To the extend that, once the Csokas' timely rescission is enforced through this action, the Csokas are not able to obtain a replacement loan on terms at least as favorable as the replacement loan they prequalified for in 2011, their actual damages caused by Defendants' non-compliance with federal law will include (without limitation) the difference in cost between the 2011 replacement loan and a replacement loan the are ultimately able to obtain in the near future, upon successful enforcement of said rescission.

## CAUSES OF ACTION

### ENFORCEMENT OF EFFECTED RESCISSION
(against all Defendants, jointly and severally)

25.     All of the preceding paragraphs are incorporated herein by reference.

26.     The Csokas timely rescinded their refinance loan transaction by means provided under the applicable federal statutory law.

27.     Pursuant to the federal statutory law, BOA and John Doe had the obligation, within 20 days of receipt of the notice of rescission, (1) to return to the Csokas all the money given by the Csokas in connection with the loan transaction; and (2) to take all necessary and/or appropriate steps to reflect the termination of the security interest created under the subject loan transaction.

28.     BOA and John Doe failed to fulfill their statutory obligations upon the Csokas' statutory rescission of said loan.

29.     BOA and John Doe must now be compelled by an order of this Court (in the form of an affirmative injunction or otherwise) to perform their statutory obligations following the effected statutory rescission.

## DAMAGES UNDER 15 U.S.C. § 1640
(against all Defendants, jointly and severally)

30.     All of the preceding paragraphs are incorporated herein by reference.

31.     The Csokas timely rescinded their refinance loan transaction by means provided under the applicable federal statutory law.

32.     Pursuant to federal law, BOA and John Doe had the obligation, within 20 days of receipt of the notice of rescission, (1) to return to the Csokas all the money given by the Csokas in connection with the loan transaction; and (2) to take all necessary and/or appropriate steps to reflect the termination of the security interest created under the subject loan transaction.

33.     BOA and John Doe failed to fulfill their statutory obligations upon the Csokas' statutory rescission of said loan.

34.     Pursuant to the applicable federal law, said failure of Defendants entitles the Csokas to, and Defendants are liable to the Csokas for, nominal, statutory, and compensatory damages, as well as costs and attorney fees incurred in prosecuting the instant action.

## REMOVE CLOUD ON TITLE
(against all Defendants, jointly and severally)

35.     All of the preceding paragraphs are incorporated herein by reference.

36.    The Csokas have been the owners and title holders of the Property since at least 2008.

37.    The Csokas timely rescinded their refinance loan transaction by means provided under the applicable federal statutory law.

38.    Pursuant to federal law, BOA and John Doe had the obligation, within 20 days of receipt of the notice of rescission, to take all necessary and/or appropriate steps to reflect the termination of the security interest created under the subject loan transaction.

39.    BOA and John Doe failed to fulfill their statutory obligations upon the Csokas' statutory rescission of said loan.

40.    An order of this Court, recordable in the land records and reflecting the termination of the security interest referenced created under the subject loan transaction, is necessary to remove the cloud created on the Csokas' title by the rescinded loan transaction.

**PRAYER FOR RELIEF**

41.    Based on the foregoing, the Csokas respectfully pray that the Court:

a.    Find each Defendant liable on each respective Count above;

b.    Enforce the timely rescission by ordering each Defendant to perform its statutory obligations under the law, including (1) returning to the Csokas all money given as a result of the loan transaction and (2) taking all necessary and/or appropriate steps to reflect the termination of the security interest created under the loan transaction;

c.   Issue an order that will reflect the termination of the security interest created under the loan transaction, so that such order can be recorded in the appropriate land records registry, thus removing the cloud on title;

d.   Award the Csokas nominal damages, statutory damages, and actual damages as proven, against each Defendant, jointly and severally, for failure to comply with their statutory obligations upon the Csokas' exercise of their statutory rights.

e.   Award the Csokas costs and attorney fees incurred in enforcing their statutory rights.

f.   Grant the Csokas any other relief the Court deems proper.

Respectfully submitted,

Gregory Bryl, Esq., VSB# 45225
BRYL LAW OFFICES
1629 K Street NW, Suite 300
Washington, DC 20006
202-360-4950
703-997-5925 fax
help@bryllaw.com
*Attorney for Plaintiffs*