IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOHN CSOKA and JUDITH CSOKA, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:15-cv-0876-GBL-IDD |
| ) | |
| BANK OF AMERICA, N.A., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the court on Defendant Bank of America's Motion to Dismiss for Failure to State a Claim (Doc. 8). This case concerns Plaintiffs' attempt to rescind their consumer loan with Defendant in light of recent Supreme Court case law.

The issue presented is whether, given the Supreme Court's recent ruling in *Jesinoski v. Countrywide Home Loans, Inc.*, Plaintiffs have stated a claim for enforcement of a rescission of a consumer loan refinance transaction, given that Plaintiffs sent Defendant a written notice of rescission, but have not alleged any facts stating Defendant has breached its disclosure requirements to Plaintiff, thus entitling Plaintiffs to rescission.

The Court GRANTS Defendant's Motion to Dismiss because although *Jesinoski* held that a borrower need not *sue* to exercise its rescission, but can simply send a notice to the creditor that it intends to rescind, a borrower's notice of rescission must still follow the procedures outlined under the Truth in Lending Act ("TILA"), requiring the rescission to either be within the first three days of the loan transaction or within three years if the lender has failed to provide the

borrower with TILA's required disclosures. Here, Plaintiffs are seeking to enforce rescission of their loan yet have not met, or stated how they meet, the recession requirements outlined under TILA.

## I. BACKGROUND

On February 23, 2009, John and Judy Csoka, the Plaintiffs, entered into a consumer mortgage loan refinance transaction ("Loan") with Countrywide Bank, FSB ("Countrywide"). Compl. ¶¶ 6-7. At the time, Defendant Bank of America, N.A. ("BANA") was the servicer of the Loan. Compl. ¶ 9. Over two years later, on or about June 30, 2011, the Csokas sent BANA a rescission notice for their consumer loan. Compl. ¶ 14. On September 16, 2011, BANA acknowledged receipt of the Plaintiffs' rescission notice and indicated that it would conduct further research to assess the merits of Plaintiffs' notice of rescission. Compl. ¶¶ ¶ 15. Plaintiffs now contend that upon receipt of their rescission notice, Defendant's security interest became void, requiring Defendant to perform various statutory obligations under TILA, including (1) returning Plaintiffs all money given in connection with the loan transaction and taking all necessary steps to reflect the termination of the security interest. Compl. ¶¶ 16-18.

## II. STANDARD OF REVIEW

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) should be granted unless the complaint "states a plausible claim for relief" under Rule 8(a). *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). In considering a rule 12(b)(6) motion, the Court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). No such assumption of truth is afforded to those "naked assertions" and

"unadorned conclusory allegations" devoid of "factual enhancement." *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 543 (4th Cir. 2013) (citations omitted). Nor is the court obligated to assume the veracity of the legal conclusions drawn from the facts alleged. *Adcock v. Freightliner LLC*, 550 F.3d 369, 374 (4th Cir. 2008) (citing *Dist. 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir. 1979)). Thus, the court's review involves the separation of factual allegations from legal conclusions. *Burnette v. Fahey*, 698 F.3d 171, 180 (4th Cir. 2012). In addition to the complaint, the court will also examine "documents incorporated into the complaint by reference," as well as those matters properly subject to judicial notice. *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013) (citations omitted); *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 176 (4th Cir. 2009) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

The complaint must contain sufficient factual allegations, taken as true, "to raise a right to relief above the speculative level" and "nudge [the] claims across the line from conceivable to plausible." *Vitol*, 708 F.3d at 543 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The facial plausibility standard requires pleading of "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 554 (4th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). The plausibility requirement imposes not a probability requirement but rather a mandate that a plaintiff "demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). Accordingly, a complaint is insufficient if it relies upon "naked assertions" and "unadorned conclusory allegations" devoid of "factual enhancement." *Id.* (citing *Iqbal*, 556 U.S.

at 679 and *Twombly*, 550 U.S. at 557). The complaint must present "'enough fact to raise a reasonable expectation that discovery will reveal evidence' of the alleged activity." *US Airline Pilots Ass'n v. Awappa, LLC*, 615 F.3d 312, 317 (4th Cir. 2010) (quoting *Twombly*, 550 U.S. at 556). Thus, in order to survive a Rule 12(b)(6) motion to dismiss, the complaint must present sufficient non-conclusory factual allegations to support reasonable inferences of the plaintiff's entitlement to relief and the defendant's liability for the unlawful act or omission alleged. *See Francis v. Giacomelli*, 588 F.3d 186, 196-97 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678-79 and *Gooden v. Howard Cnty., Md.*, 954 F.2d 960, 969-70 (4th Cir. 1992) (en banc)).

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[,]'" or "'naked assertions' devoid of 'further factual enhancement'" will not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (internal quotation marks omitted). Thus, the court "need not assume the veracity of 'bare legal conclusions.'" *Burnette*, 687 F.3d at 180 (citing *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011)). Thus, in order to survive a Rule 12(b)(6) motion to dismiss, the complaint must present sufficient non-conclusory factual allegations to support reasonable inferences of the plaintiff's entitlement to relief and the defendant's liability for the unlawful act or omission alleged. *See Francis v. Giacomelli*, 588 F.3d 186, 196-97 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678-79; *Gooden v. Howard Cnty., Md.*, 954 F.2d 960, 969-70 (4th Cir. 1992) (en banc)).

## II. ANALYSIS

The Court GRANTS Defendant's Motion to Dismiss because although the Supreme Court held that a borrower need not *sue* to exercise its rescission, but can simply send a notice to the creditor that it intends to rescind, the borrower's rescission notice, and subsequent

enforcement of that rescission, must follow the procedures outlined under the Truth and Lending Act ("TILA").

Congress created TILA to help consumers "avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing." *Jesinoski v. Countrywide Home Loans, Inc.,* 135 S. Ct. 790, 791-92, (2015). Thus, TILA outlines various procedures that creditors must follow to ensure borrow are informed about their loans, as well as protected from inequitable practices regarding loan transactions. *See id.* Following the consummation of a loan transaction, TILA allows a borrower three business days to rescind the transaction. *See* 15 U.S.C. § 1635(a) (2011). Alternatively, this right of rescission is extended from three days to three years if the lender (1) fails to provide notice of the borrower's right of rescission or (2) fails to make a material disclosure. 12 C.F.R. § 1026.23(3)(i) (2014). More precisely, TILA's implementing regulation states:

> The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first.

*Id.*

Recently, the Supreme Court interpreted TILA's three year extended statute of limitations as only applicable to a borrower's ability to *exercise* its right of rescission through a written notice to the lender, not a requirement that the borrower bring suit. *See Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790. The right to rescind the loan transaction, the *Jesinoski* Court held, "is effected when the borrower notifies the creditor of his intention to rescind." *Id. at 792.* The Supreme Court further noted that "so long as the borrower notifies within three years after

5

the transaction is consummated, his rescission is timely. The statute does not also require him to sue within three years." *Id.*

Here, Plaintiffs use *Jesinoski* to assert that they have properly exercised their right of rescission by sending Defendant a written notice of rescission. Compl. ¶ 14. Given this, Plaintiffs seek to *enforce* rescission in this Court, asserting that Defendant's security interest in Plaintiffs' property became void upon Defendant's receipt of Plaintiffs' rescission notice and thus, Defendant is required to "within 20 days after receipt of a notice of rescission, return to the obligor any money or property given as earnest money, down payment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction." Compl. ¶ 17.

While Plaintiffs correctly state what TILA requires a lender to do after a borrower has executed it right to rescind, Plaintiffs fail to identify—or even address—the steps required for a borrower to have the right to execute a rescission in the first instance. Meaning, although *Jesinoski* lays out *how* a borrower can execute a rescission, and TILA itself outlines the borrower's remedies after such rescission, such steps are predicated on the condition that the borrower fall under one of two categories, in order to even merit a rescission. Specifically, both the statute and its accompanying regulation make clear that a borrower is not entitled to rescind its loan unless it is either 1) within the first three business days of consummation of the transaction or 2) within three years if the lender has not made all required disclosures. *See* 15 U.S.C. § 1635(a), 12 C.F.R. § 1026.23, and 12 C.F.R. § 226.17 (2009). What's more, in the very opinion holding that rescission is exercised with a borrower's written notice to the lender, the Supreme Court itself stated "[t]his regime grants borrowers an unconditional right to rescind for three days, after which they may rescind *only if the lender failed to satisfy the Act's disclosure*

*requirements.*" *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. at 792. This recent Supreme Court precedent, TILA, and its supporting regulations, demonstrate that Plaintiffs cannot present a claim, seeking to *enforce* a rescission, if they have not first alleged facts sufficient to demonstrate that they fit one of the key elements required under the act—a right to bring seek rescission at all.

Here, Plaintiffs do not contend, nor could they, that they sent their recession notice within the first three business days after the loan transaction was completed. *See* Compl. ¶¶ 6, 14 (noting that Plaintiffs entered into a consumer loan on February 23, 2009 and sent their notice of rescission on June 30, 2011). Thus, Plaintiffs are only entitled to rescission of their loan if Defendant failed to satisfy a TILA disclosure requirement. *See Gilbert v. Residential Funding LLC, 678 F.3d 271*, 277 (4th Cir. 2012) ("a borrower exercises her right of rescission by merely communicating in writing to her creditor her intention to rescind. To complete the rescission and void the contract, however, *more is required.*") (emphasis added); *see also Kelley v. Mortgage Elec. Registration Sys., Inc.*, 642 F. Supp. 2d 1048, 1059 (N.D. Cal. 2009) ("To take advantage of the extended statute of limitations for rescission, plaintiffs must allege that they were not provided notice of their right to rescind. Alternatively, they must allege that their lender failed to make a material disclosure.").

As Defendant's failure to send Plaintiff the required TILA disclosures is crucial to a claim seeking enforcement of a rescission after the initial three business days, Plaintiffs' failure to include such facts is lethal to its Complaint because it presents no plausible claim for relief. In light of this, The Court GRANTS Defendant's Motion to Dismiss *without prejudice*. This Court GRANTS Plaintiffs LEAVE TO AMEND the Complaint should they so choose, however, any Amended Complaint should be filed within fifteen (15) days of this Order. Accordingly, the

Court will schedule the trial at Final Pretrial Conference for a date after April 1, 2016 to give the parties time to respond to the Amended Complaint.

### III. CONCLUSION

The Court GRANTS Defendant's Motion to Dismiss because Plaintiffs have not alleged any facts showing that they meet the Truth in Lending Act's requirements for a borrower to enforce a rescission against its lender. Without such facts, the Complaint is not facially plausible.

For the reasons stated above, it is hereby

**ORDERED** that Defendant Bank of America's Motion to Dismiss for Failure to State a Claim (Doc. 8) is **GRANTED** *without prejudice*; it is further

**ORDERED** that the Court GRANTS Plaintiffs LEAVE TO AMEND, but Plaintiffs are to file an Amended Complaint, if any, no later than fifteen (15) days of this Order.

**IT IS SO ORDERED.**

ENTERED this __21__ day of January, 2016.

Alexandria, Virginia
1 / 21 / 2016

                      /s/
                      Gerald Bruce Lee
                      United States District Judge